Matter of Nationwide Affinity Ins. Co. of Am. v Ortiz (2022 NY Slip Op 02231)

Matter of Nationwide Affinity Ins. Co. of Am. v Ortiz

2022 NY Slip Op 02231

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. Index No. 153010/19 Appeal No. 15660 Case No. Case No. 2021-03824 

[*1]In the Matter of Nationwide Affinity Insurance Company of America, Petitioner-Respondent,
v
Katrina Ortiz, Respondent-Appellant.

Thomas Torto, New York, for appellant.
Hollander Legal Group, P.C., Melville (Allan Hollander of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 18, 2021, which granted the petition to permanently stay an uninsured motorist arbitration commenced by petitioner Nationwide Affinity Insurance Company of America, unanimously affirmed, without costs.
In November 2015, respondent Katrina Ortiz was involved in a motor vehicle accident; the other vehicle involved in the accident was insured by Nationwide under a policy that provided for bodily injury limits of $100,000/$300,000, as well as supplementary uninsured/underinsured motorist (SUM) coverage. Ortiz and Nationwide eventually entered into a general release in which Ortiz waived any and all claims as to SUM coverage in return for a $500 settlement payment from Nationwide. Approximately a year later, Ortiz filed a demand for arbitration, seeking to recover underinsured motorist benefits in connection with the November 2015 accident.
Supreme Court correctly found that the general release signed by Ortiz applied to her demand for arbitration. The general release unambiguously and unequivocally waived Ortiz's claims to any further recovery, stating that the release was in "full satisfaction" and "settlement" of a "disputed claim," and that Nationwide was "forever discharge[d]" and "release[d]" from any and all further claims. Ortiz's mere assertion that a dispute existed as to the scope of the release does not create an arbitrable issue (see Matter of Bronston [Glassman] , 10 NY2d 158, 160 [1961]; see also Bryan v Newman , 237 AD2d 207, 207 [1st Dept 1997]).
Supreme Court correctly found that Nationwide timely filed the petition to stay arbitration. Ortiz did not offer proof sufficient to establish that she served a proper demand for arbitration on October 4, 2018, and Nationwide therefore did not learn of the arbitration until it received a letter dated March 6, 2019 from the American Arbitration Association.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022